IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TRECE DEPEW and SUESONIE CHENEY, | ) ) | |
| | ) | Case No. CV-03-539-S-BLW |
| Plaintiffs, | ) ) | |
| | ) | _____ |
| v. | ) | |
| | ) | **MEMORANDUM** |
| SHOPKO STORES INC. and DOES 1-50, Inclusive, | ) ) | **DECISION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**INTRODUCTION**

Plaintiffs Trece Depew (Depew) and Suesonie Cheney (Cheney) are

assistant store managers at the Shopko Store in Twin Falls, Idaho, and have filed

this action against Shopko seeking overtime compensation under the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

Pending before the Court is Defendant Shopko's Motion for Summary

Judgment (Docket No. 24).  Shopko argues that the undisputed facts establish that

Depew and Cheney are exempt from the FLSA and therefore not entitled to

overtime pay.  Plaintiffs contend that the undisputed facts permit the inference

**Order – page 1**

that the FLSA applies to them.  The parties have fully briefed Shopko's Motion.

Having reviewed the record, the Court finds that oral argument would not

significantly aid the decisional process.  In the interest of avoiding further delay,

the Court decides this matter on the motions, briefs, and record.  D. Idaho L.

Civ. R. 7.1(d)(4).  For the reasons stated below, the Court will deny Shopko's

Motion for Summary Judgment.

**APPLICABLE LAW**

**1.**     *The FLSA*

The FLSA requires employers pay their employees time and one-half for

work exceeding forty hours per week.  29 U.S.C. § 207(a)(1).  The Act exempts

persons "employed in a bona fide executive, administrative, or professional

capacity."  29 U.S.C. § 213(a)(1).  An "employer who claims an exemption

from the FLSA has the burden of showing that the exemption applies."  *Donovan*

*v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).  Because the FLSA "is to

be liberally construed to apply to the furthest reaches consistent with

Congressional direction[,] . . . FLSA exemptions are to be narrowly construed

against . . . employers and are to be withheld except as to persons plainly and

unmistakenly within their terms and spirit."  *Klem v. County of Santa Clara,*

*Cal.*, 208 F.3d 1085, 1089 (9th Cir. 2000) (internal quotation marks and citations

**Order – page 2**

omitted).

**2.**    *The Regulations*

Plaintiffs filed this action in 2003.  The regulations interpreting the FLSA were amended effective August 23, 2004.  Thus, whether Plaintiffs were and are exempt must be analyzed under both the former and current regulations.

**a.**    *The Former Regulations*

The former FLSA regulations state than an employee qualifies under the executive exemption if that employee:  (1) is paid a salary of not less than $250 per week ($13,000 per year); (2) has management as the primary duty; and (3) supervises two or more employees.  29 C.F.R. § 541.1(f) (2003).

**b.**    *The Current Regulations*

The current FLSA regulations state that an employee qualifies under the executive exemption if the employee:  (1) is paid a salary of not less than $455 per week ($23,660 per year); (2) has management as the primary duty; (3) supervises two or more employees; and (4) has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  29 C.F.R. § 541.100(a) (2005).

**Order – page 3**

### c.     *Primary Duty*

Under both the former and current regulations, if an employee spends more than 50% of the work day managing, management is the employee's primary duty.  29 C.F.R. § 541.700 (2005); 29 C.F.R. § 541.103 (2004).  When an employee spends less than 50% of the work day engaged in managerial duties, the employee might nevertheless be primarily a manager if other pertinent factors support such a conclusion.  These factors include:  (1) the relative importance of managerial duties as compared with other types of duties; (2) the frequency with which the employee exercises discretionary power; (3) the employee's relative freedom from supervision; and (4) the relationship between the employee's salary and the wages paid other employees for the kind of non-managerial work performed by the supervisor.  29 C.F.R. § 541.700(a) (2005); 29 C.F.R. § 541.103 (2004).

### 3.     *Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c) sets forth the standard for resolving a motion for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

**Order – page 4**

FED. R. CIV. P. 56(c).  Rule 56(c) mandates entry of summary judgment where

the moving party demonstrates no genuine issue of material fact exists and is

entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317,

322 (1986).  A fact is " material" when, under the governing substantive law, it

could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248 (1986).  A " genuine" issue of material fact arises " if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact for trial.  *Id*. at 256.  The moving party need not

disprove the other party' s case.  *See Celotex*, 477 U.S. at 323-25.

    When the moving party meets its burden, the " adverse party may not rest

upon the mere allegations or denials of the adverse party' s pleading, but the

adverse party' s response, by affidavits or as otherwise provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial.  If the

adverse party does not so respond, summary judgment, if appropriate, shall be

entered against the adverse party."  FED. R. CIV. P. 56(e).  " The mere existence

of a scintilla of evidence . . . will be insufficient; there must be evidence on

which the jury could reasonably find for [the opposing party]."  *Anderson*, 477

U.S. at 252.  In considering a motion for summary judgment, the court may not

**Order – page 5**

weigh the evidence or make credibility determinations, and must draw all inferences in the light most favorable to the non-moving party.  *Id*. at 255.

## DISCUSSION

### *1.  Shopko's Material Facts*

Viewing the evidence in the light most favorable to Depew and Cheney, the Court must determine whether there are any genuine issues of material fact.

Shopko has filed a Statement of Undisputed Facts in which it states that Depew and Cheney are assistant managers at Shopko's Twin Falls store and currently receive annual salaries of $59,987.57 and $39,122.25 respectively.[1] Employees at the Twin Falls Shopko store receive wages from $6.25 to $13.50 per hour.  Depew and Cheney are responsible for performing the duties in their job descriptions; however, they sometimes lack the necessary resources to complete those responsibilities, and the job descriptions do not include some of the tasks they perform.

 Depew is the assistant manager of the apparel department, a position she has held since at least July 2002.  She has worked as an assistant manager for

---

[1] Depew has been a salaried Shopko employee since about 1980.  She has been paid at least $48,048 per year during the relevant period.  Cheney has been a salaried Shopko employee since about 1989.  She has been paid at least $35,832.68 per year during the relevant period.  Plaintiffs' salaries are not subject to any deductions.

Order – page 6

Shopko since 1986.  Depew handles customer complaints pertaining to the apparel department, including complaints about her subordinates.  She also writes performance evaluations and prepares work schedules for apparel department employees.  Depew has the authority to direct employees in her department and throughout the store.  She selects people that fit the needs of her department, interviews potential employees, and makes hiring and firing decisions.

Cheney has been an assistant manager since 1989.  She supervises between twenty-two and twenty-four employees and has the authority to direct all of those employees in how they do their jobs on a day-to-day basis.  Cheney prepares subordinate employees' performance evaluations.  She is responsible for monthly audits in her department.  Cheney has the authority to hire, promote and discipline employees in her department.  She consults with her supervisor regarding the number of hires and reviews disciplinary actions with her supervisor.  Cheney also performs the human resources functions for the entire store, including hiring, interviewing, orientation, payroll, and data base management.

Assistant managers are responsible for scheduling employees within the payroll constraints Shopko's General Office (GO) establishes.  If they do not have enough payroll to hire sufficient employees to complete the hourly tasks,

**Order – page 7**

they must perform the tasks.  Depew is sometimes so preoccupied with hourly tasks that she cannot attend to her management duties.  During the past three to five years, the amount of payroll available to staff Cheney's department has decreased, requiring Cheney to do hourly work.

In light of these undisputed facts, a reasonable juror could infer that Plaintiffs spend more than 50% of their time managing.  Moreover, on these facts alone, a reasonable juror could infer that, even if Plaintiffs spend less than 50% of their time managing, their primary duties are managerial.

Plaintiffs did not file a statement of facts in dispute as required by D. Idaho L. Civ. R. 7.1(c)(2).  Local Rule 7.1(f) provides that "[i]n the event an adverse party fails to file any response documents required to be filed under this rule in a timely manner, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application."

Because Plaintiffs have failed to identify any facts in dispute, the Court concludes that Plaintiffs do not contest the facts set forth in Shopko's Statement of Undisputed Facts.  Plaintiffs acknowledge that they receive payment on a salary basis in excess of the threshold amount under both regulations.  Plaintiffs also concede that they customarily and regularly direct the work of two or more employees.  Plaintiffs do not dispute that they make hiring and disciplinary

Order – page 8

decisions, but explain that such decisions are made in partnership with their

supervisors.  However, Plaintiffs do dispute Shopko's contention that their

duties are *primarily* managerial, a requirement for finding an exemption from the

FLSA under both the former and current regulations.

## 2. Cheney's and Depew's Facts

Plaintiffs have presented *additional* facts that, if believed by the trier of

fact, would support their position that the FLSA covers them.  For instance,

Plaintiffs testified that a majority of their time is not spent on management duties.

Depew testified that only 25% of her time is spent managing.  Cheney testified

that she spends less than 50% of her time managing.  If a jury found that

Plaintiffs spend less than 50% of their work day engaged in managerial duties,

the jury would then have to determine whether other pertinent factors would

support the conclusion that management is still their primary duty. 29 C.F.R. §

541.700(a) (2005); 29 C.F.R. § 541.103 (2004).

Plaintiffs have not presented evidence about the relationship between their

salaries and the wages employees receive for the kind of non-managerial work

they perform.  According to Shopko's Statement of Undisputed Facts, Depew

and Cheney are now paid approximately $60,000 and $39,000, respectively, on

an annual basis.  This is $28.85 an hour and $18.75 an hour, compared to hourly

Order – page 9

wages of $13.50 an hour to $6.25 an hour.  Thus, there is a sizable gap in this

regard.  However, Plaintiffs have presented evidence raising genuine issues of

material fact as to:  (1) the relative importance of their managerial duties as

compared with their other types of duties; (2) the frequency with which they

exercise discretionary power; and (3) their relative freedom from supervision.

Plaintiffs' evidence permits the inference that they are under close supervision,

that they face fairly tight circumscription of their managerial discretion, and must

make many of their management decisions in concert with, or only with the

approval of, their own supervisors.  This evidence includes:  (1) the extent to

which Shopko's GO determines each store's merchandise, inventory, pricing,

store layout, equipment, techniques to be used, store displays, and advertising;

(2) the extent to which the GO controls its assistant managers' schedules; (3) the

GO's allocation of each store's payroll hours and authorization of additional

payroll hours; (4) the GO's allocation of payroll training hours;(5) Shopko's

requirement that its salaried employees, such as assistant managers, perform

hourly work if a store does not have enough payroll hours to pay its hourly

employees; (6) the requirement that assistant managers must "partner" with the

regional director to use more payroll hours than allocated; (7) the requirement

that assistant store managers "partner" with the store manager before

**Order – page 10**

disciplining an employee; (8) the requirement that assistant managers must have store manager approval to promote employees; (9) the store manager's required review, approval and co-signing of all performance evaluations; and (10) the requirement that a store manager must hear of customer complaints regarding hourly workers before any action is taken.

In light of the foregoing, genuine issues of fact exist regarding the extent to which Plaintiffs can make management decisions, the frequency of their managerial decision making, and the importance of the decisions over which they have control.  Thus, it is not possible to determine whether Plaintiffs' work is exempt under the FLSA.  It remains for the trier of fact to resolve the nature of Plaintiffs' daily activities.

## CONCLUSION

Drawing all inferences in Plaintiffs' favor, the Court finds that genuine issues of material fact exists regarding whether Plaintiffs' primary duties are non-managerial, and thus whether they are exempt from the provisions of the FLSA.  Accordingly, the Court must deny Shopko's Motion for Summary Judgment.

## ORDER

**Order – page 11**

In accordance with the Memorandum Decision set out above,

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Shopko's Motion for Summary Judgment (Docket No. 24) is DENIED.   This case remains pending on Judge Winmill's docket.   Counsel shall telephone Ladonna Garcia at 208-334-9021 to set a status conference for the purposes of scheduling a trial.

DATED:  **June 9, 2005**

Honorable Thomas G. Nelson
United States Circuit Judge
Sitting by Designation

**Order – page 12**