IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRECE DEPEW and SUESONIE CHENEY, | Civ. No. 03-0539-S-BLW |
| Plaintiffs, | |
| v. | MEMORANDUM DECISION AND ORDER |
| SHOPKO STORES, INC., et al., | |
| Defendants. | |

**MEMORANDUM DECISION**

The Court has before it Shopko's motion for leave to take a video deposition of Jacques Herring. Because this motion was filed after the discovery deadline had expired, Shopko has the burden of showing that good cause exists for the deposition. *See Fed.R.Civ.P. 16(b); Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

The "good cause" standard "primarily considers the diligence of the party

---

[1] The discovery deadline expired April 15, 2005. The motion was filed December 6, 2005.

**Memorandum Decision & Order – page 1**

seeking the amendment." *Id*. Although the existence of prejudice to the party opposing the modification "might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. The Circuit has held that "as a practical matter, extraordinary circumstances is a close correlate of good cause." *Id*. at 610.

Herring, an employee of Shopko at the time, was originally identified by Shopko as a Rule 30(b)(6) representative. Plaintiffs took his deposition on February 10, 2005, about two months before the discovery deadline of April 15, 2005. Shopko chose not to ask questions of Herring at his deposition, apparently assuming that there was no reason to ask questions of Herring since he would be available to testify at trial.

However, on September 30, 2005, Herring left Shopko to work for another company in Georgia. Recognizing that Shopko could no longer compel Herring's attendance at trial, Shopko's counsel wrote a letter to plaintiffs' counsel on November 9, 2005, seeking to take Herring's video deposition to "perpetuate his trial testimony for use at the time of trial." *See Exhibit B to Affidavit of Dale*. When plaintiffs refused to agree, Shopko brought this motion.

The Federal Rules require that leave of court be sought to take a second deposition of a witness. *See Fed.R.Civ.P. 30(a)(2)(B)*. Moreover, as discussed

**Memorandum Decision & Order – page 2**

above, since Shopko seeks to take this deposition after the close of discovery, it must show good cause for the deposition. More specifically, it must show that the late request was not due to its own lack of diligence, and that the request will not be an undue burden on plaintiffs. *See Johnson*, 975 F.2d at 609-610.

Every party participating in a discovery deposition takes the calculated risk that the deponent's circumstances may change, and he or she will become unavailable for trial. If the deponent becomes unavailable at trial, the deposition may be read at trial if Rule 32 is satisfied, but the party loses any advantage conferred by live or video testimony. More importantly, a party may have chosen, for tactical or economic reasons, not to ask any questions of a deponent at the discovery deposition. This is particularly likely if they are confident the witness can be produced at trial.

It is true that this problem could have been avoided if Shopko had assumed that Herring might not be available for trial and treated his discovery deposition like a trial deposition. However, that is true in every case. Denying Shopko the ability to take a video trial deposition under the facts presented here would result in encouraging – or even requiring – every attorney to treat every discovery deposition as a trial deposition to avoid the risk of that witness becoming unavailable for trial. That, in turn, would substantially drive up the cost and

**Memorandum Decision & Order – page 3**

expense of litigation.

It is true that if successive depositions were allowed every time a deponent became unavailable, discovery would never end.  However, allowing a trial deposition in the unique circumstances presented here – where the deponent leaves the employ of a party and moves beyond the subpoena power of the court after the discovery deadline had passed – does not raise that specter.  This is particularly true where Shopko was reasonably diligent in requesting the trial deposition roughly one month after Herring moved to Georgia and two months before trial.  The Court concludes that under the facts presented here, good cause has been shown.  To hold otherwise would force the diligent attorney to take an otherwise unnecessary trial deposition of every potential witness in every case.  That is a cost – both in terms of time and money – which is simply unnecessary and unwarranted.

However, consistent with the Court's concern over the cost of litigation, the Court will require that Shopko attempt to either take Herring's trial deposition by videoconference, or arrange for Herring to testify at trial through a videoconference hookup.  To facilitate the latter, the Court finds "for good cause shown in compelling circumstances" that Shopko will be permitted to "present . . . testimony in open court by contemporaneous transmission from a different

location."  Fed.R.Civ.P. 43(a).  The parties will only be required to take the deposition in Georgia if Herring's deposition or trial testimony cannot be obtained through videoconferencing.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to take video deposition (docket no. 51) is GRANTED, subject to the requirement that Shopko make a good faith effort to take Herring's trial deposition or procure his live trial testimony by means of videoconferencing.

DATED:  **December 27, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order – page 5**