IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRECE DEPEW and SUESONIE CHENEY, | Civ. No. 03-0539-S-BLW |
| Plaintiffs, | |
| v. | MEMORANDUM DECISION AND ORDER |
| SHOPKO STORES, INC., | |
| Defendant. | |

## INTRODUCTION

Plaintiffs filed a motion in limine seeking to exclude certain ShopKo witnesses on the ground that ShopKo failed to timely disclose the identity of the witnesses. The witnesses at issue are Danielle Ostrowski, Todd Stimpson, Vince Carr, Robert Adamson, Steve Gustafson, and "Teammates in Store 67."

## ANALYSIS

### 1.  Overview of Disclosure Rules

Rule 26(a)(1) requires the parties to disclose the identity of "each individual likely to have discoverable information that the disclosing party may use to support

**Memorandum Decision & Order – page 1**

its claims or defenses . . . ." Pursuant to Rule 26(f), this disclosure must occur "at least 21 days before a scheduling conference is held" unless otherwise ordered.

The parties are under a continuing duty to supplement these disclosures under Rule 26(e) if they learn that (1) their initial disclosures are "incomplete or incorrect," and (2) "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." This latter phrase is not satisfied simply because the parties might know the identity of a person. The phrase "additional or corrective information" refers back to Rule 26(a)(1), and means that the parties must know not only the identity of the person but also that he is "likely to have discoverable information that the disclosing party may use to support its claims or defenses." In other words, the proffering party may be absolved of its duty to file a supplemental disclosure under Rule 26(e) identifying a certain person only if the other parties have learned through other means that the person might have discoverable information regarding the proffering party's claims or defenses.

As trial approaches, the parties must then choose their trial witnesses from this list of persons they have disclosed pursuant to Rule 26. The deadlines for these witness disclosures are governed either by Rule 26(a)(3) or an order of the court.

**Memorandum Decision & Order – page 2**

Failure to follow the dictates of Rule 26 could result in sanctions under Rule 37(c)(1) unless the proffering party can show that it had a substantial justification for its failure, or that its failure is harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Sanctions include the exclusion of the witness.

**2.    Decision Tree**

These Rules therefore contemplate a five-step "decision tree" for resolving whether a witness designation is timely: (1) Was the person identified in the Rule 26(f) initial disclosures? (2) If not, was the person identified in a supplemental disclosure pursuant to Rule 26(e)? (3) If not, has the person and his connection to the claims or defenses of the proffering party "otherwise been made known to the other parties during the discovery process or in writing" thereby excusing the failure to supplement under Rule 26(e)? (4) If not, has the proffering party shown that its failure was substantially justified to avoid Rule 37 sanctions? (5) If not, has the proffering party shown that its failure was harmless to avoid Rule 37 sanctions?

**3.    Witnesses Ostrowski, Stimpson & "Teammates of Store 67"**

Witnesses Danielle Ostrowski, Todd Stimpson, and "Teammates of Store 67" were not listed in ShopKo's initial disclosures or in its later-filed supplemental

**Memorandum Decision & Order – page 3**

disclosures. Under the "decision tree" analysis set forth above, these failures answer the first two questions in the negative, leading the Court to consider the third question, asking whether ShopKo's duty under Rule 26(e) to file supplemental disclosures was excused because the parties learned though other means that these three witnesses might have discoverable information about ShopKo's claims or defenses.

With regard to witness Danielle Ostrowski, ShopKo asserts that it added her as a witness only because she replaced Janna Heitland, ShopKo's Regional Human Resource Director. ShopKo had identified Heitland in its initial disclosures filed in March of 2004. ShopKo argues that "Ms. Ostrowski will testify regarding the same information as Ms. Heitland had she still held the position of Regional Human Resource Director." *See ShopKo's Brief* at p. 10. That information, ShopKo asserts, was set forth in ShopKo's initial disclosures, and stated that Heitland "has knowledge of plaintiffs' job descriptions, duties and areas of responsibility at Shopko; plaintiffs' status as exempt, salaried employees; ShopKo's policies and procedures, including document retention and employment policies, and ShopKo's reorganization in July, 2003." *See Exhibit A to Affidavit of Dale.*

ShopKo has a persuasive argument that *if* Ostrowski's testimony is identical

**Memorandum Decision & Order – page 4**

to that of Heitland, ShopKo has no duty to file a supplemental disclosure because plaintiffs already knew what Ostrowski's testimony would be. However, if Ostrowski's testimony varies from that of Heitland, the Court will consider objections by plaintiffs. By necessity it appears there must be some difference since Ostrowski will testify about current policies while Heitland testified about policies during her tenure, a time-period in the past. But ShopKo asserts that its policies have not changed over time and so the testimony will be identical. That remains to be seen. The Court will deny the motion to exclude Ostrowski at this time, but will consider objections by plaintiffs at trial if Ostrowski's testimony goes beyond that of Heitland.[1]

With regard to Todd Stimpson, he was not identified in any initial or supplemental disclosure by ShopKo. ShopKo argues that he is the new Store Manager at the Twin Falls store where plaintiffs work, and thus "[p]laintiffs were aware of Mr. Stimpson from the moment he was hired . . . ." *See ShopKo's Brief* at p. 10. However, as discussed above, ShopKo's duty to supplement under Rule 26(e) does not end just because plaintiffs knew Stimpson's identity. ShopKo does not explain why plaintiffs should know that Stimpson had discoverable

---

[1] The Court assumes here that Heitland's deposition was taken. The parties have not informed the Court whether this in fact was done.

**Memorandum Decision & Order – page 5**

information that ShopKo may use to support its claims or defenses. In the absence of such a showing, ShopKo had a continuing duty to supplement under Rule 26(e). Stimpson's name was never identified in any Rule 26 filing. No showing of substantial justification has been made,[2] and the disclosure at this late date – just two weeks prior to trial and long-after discovery has closed – is clearly harmful. Thus, the Court must grant the motion to exclude as to Todd Stimpson.

The same analysis applies to "Teammates of Store 67." ShopKo did not list them in their initial or supplemental disclosures. While plaintiffs may have known their identity, ShopKo has not shown that plaintiffs knew that they might have information helpful to ShopKo's defenses. Moreover, ShopKo makes no showing of substantial justification or harmlessness. The Court will therefore grant the motion to exclude the "Teammates of Store 67."

### 4.  Witnesses Gustafson, Carr & Adamson

Unlike the three witnesses just discussed, ShopKo did identify Gustafson, Carr, and Adamson in a supplemental disclosure served on plaintiffs on November 4, 2005. This supplemental disclosure was made almost 7 months after discovery had closed (on April 15, 2005) and about 2 months before trial (set to begin

---

[2]  ShopKo does not inform the Court when Stimpson became the manager at the Twin Falls Store.

**Memorandum Decision & Order – page 6**

January 9, 2006).

Does this supplemental disclosure absolve ShopKo of any sanction under Rule 37?  After all, sanctions under Rule 37(c)(1) apply only when a party "fails to disclose information required by . . . Rule 26(e)(1)."  One reading of this would require the failure to be total – that is, any supplemental disclosure, however close to trial, is sufficient to avoid Rule 37 sanctions.

That reading would be absurd, however.  The prejudice resulting from an "eve-of-trial" supplemental disclosure (after the close of discovery) is the same as if no disclosure whatsoever was made prior to trial.  In both circumstances, the opposing party is put to the Hobson's choice of either flying blind on cross-examination or asking for a delay to conduct discovery.  This is why the Advisory Committee Notes to Rule 26 states that the supplementation must be made "at appropriate intervals *during the discovery period* . . . ."  (emphasis added). In this case, the supplemental disclosure was filed 7 months after discovery had closed and just 2 months prior to trial.  The Court finds that the persons identified in this disclosure are subject to exclusion under Rule 37(c)(1) unless ShopKo can show either substantial justification or harmlessness.

With regard to witness Steve Gustafson, ShopKo points out that plaintiffs sought to take his deposition in February of 2005, about two months before

discovery closed.  ShopKo argues that its late disclosure is therefore harmless because plaintiffs obviously knew the importance of Gustafson.

Plaintiffs respond, however, that ShopKo's counsel told them that Gustafson was "not expected to be called at trial as a witness."  *See Affidavit of Plaintiffs' Counsel* at ¶ 7.  Plaintiffs assert that they were misled by this representation into not taking Gustafson's deposition.

This allegation raises an issue that cannot be resolved on the briefing.  The Court will therefore reserve ruling as to this witness until the Court can hear argument during trial.

With regard to witness Vince Carr, ShopKo argues that it told plaintiffs, in an answer to an interrogatory served April 25, 2005, that Carr was a person with knowledge of the payroll scheduling program.  This disclosure, however, was made 10 days after discovery closed.  ShopKo does not explain why it failed to include Carr's name in its initial disclosures made more than a year earlier, or in a supplemental filing prior to the close of discovery.  Because the disclosure came after the close of discovery, it would be harmful for that reason.  Without a showing of substantial justification, the Court must exclude Carr's testimony under Rule 37(c)(1).

Finally, with regard to Robert Adamson, ShopKo argues that he was the

author of several e-mails that plaintiffs produced in discovery, and that they therefore must have known about him.  In addition, ShopKo asserts that Adamson's identity and scope of knowledge were disclosed to plaintiffs during the depositions of Herring and Hartman.  However, ShopKo does not produce any more detail on what was disclosed about Adamson at those depositions.

A more detailed showing is needed.  ShopKo needs to show that information was disclosed not only about Adamson's identity but also putting plaintiffs on notice that he might have discoverable information about ShopKo's defenses.  ShopKo has not made this showing, and hence the Court cannot find that plaintiffs had found out by other means that Adamson might have discoverable information about ShopKo's defenses.  ShopKo has also made no showing of substantial justification or harmlessness.  For these reasons, the Court will grant the motion to exclude this testimony.

**5.**     **Conclusion**

In conclusion, the Court will grant the motion to exclude as to witnesses Vince Carr, Robert Adamson, Todd Stimpson, and "teammates of store 67."  The Court will hear further argument on witnesses Steve Gustafson and deny the motion as to witness Danielle Ostrowski.

The Court recognizes that the truncated nature of motions in limine may

**Memorandum Decision & Order – page 9**

mean that the Court is unaware of important information regarding this motion. The Court is not foreclosing any further argument on this motion during trial by either side. This decision represents the Court's view of the issues at this time and is subject to reconsideration at any time prior to a final judgment being issued.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude witnesses (docket no. 72) is GRANTED IN PART, DENIED IN PART, AND RESERVED IN PART. It is granted to the extent it seeks to exclude the testimony of witnesses Vince Carr, Robert Adamson, Todd Stimpson, and "teammates of store 67." It is denied to the extent it seeks to exclude the testimony of witness Danielle Ostrowski. It is reserved to the extent it seeks to exclude the testimony of witness Steve Gustafson.

DATED: **January 6, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court